UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 23-cr-40026-MRG-1 |
| ) | |
| MARK TASLAKIAN ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO SURPRESS [ECF. NO. 39]**

**GUZMAN, J.**

Before the Court is Defendant's Motion to Suppress Evidence Seized Pursuant to a Search Warrant from the October 6, 2020 search of his residence located at 84 North Street Northborough, Massachusetts. [ECF No. 39]. The Court heard argument on the motion at a hearing held on June 9, 2025. [ECF No. 46]. For the reasons stated on the record at the hearing and expounded below, the motion is **DENIED**.

### I.    BACKGROUND

This motion incorporates the facts as detailed in the affidavit supporting the search warrant and as related by the parties at the June 9, 2025 motion hearing. [ECF No. 46].

On October 2, 2020, U.S. Magistrate Judge David H. Hennessy issued a search warrant authorizing the search of Defendant's residence located at 84 North Street Northborough, Massachusetts. [ECF No. 40 at 1]. This warrant was based upon an affidavit of Drug Enforcement Administration ("DEA") Special Agent David DiTullio. [DiTullio Aff. at 1, ECF No. 41]. The warrant was one of several related to a criminal investigation involving anabolic steroids and

1

Human Growth Hormone ("HGH") in the District of Massachusetts led by DEA and USPIS agents. [Id. ¶¶ 5, 9, 13–15].

The DiTullio Affidavit establishes probable cause for the October 6, 2020 search of Defendant's residence based on a series of preceding seizures of steroids and currency that led some targets of the investigation to cooperate with investigators. On September 24, 2020, DEA agents and postal inspectors executed a federal search and seizure warrant at the residence of an individual ("Individual 1") in Shrewsbury, Massachusetts. [Id. ¶ 9]. Agents seized raw steroid powders, injectable and oral anabolic steroids, "thousands of [NexGen] labels and packing materials associated with the manufacturing and distribution of anabolic steroids," ledgers and consumer logs, and U.S. currency. [Id.; id. ¶ 9 n.4]. Individual 1 then cooperated with agents, identifying Defendant as a co-conspirator, saying that both the Defendant and another individual "Individual 2," received shipments of HGH at their respective residences. [Id. ¶¶ 10–11].

On September 30, 2020, DEA agents executed several warrants seizing inbound packages from McAllen, Texas containing large quantities of anabolic steroids shipped to Individual 2's residence. [Id. ¶ 13–14]. A search executed at Individual 2's residence seized injectable anabolic steroids bearing the NexGen label, Adderall pills, psilocybin mushrooms, and U.S. currency. [Id. ¶15]. Individual 2 then co-operated with agents, also identifying Defendant as a co-conspirator and the Defendant's residence as a location with potential evidence. [Id. ¶ 16–19]. Individual 2 then coordinated a controlled purchase of anabolic steroids from Defendant's girlfriend, Ms. Savoie, at the Defendant's residence. [Id. ¶ 20–22]. With the information gathered from cooperators, in addition to postal records which identified ten packages shipped from McAllen, Texas to Defendant's residence, DEA agents requested a search warrant for Defendant's residence from

2

Magistrate Judge Hennessy. [Id. ¶ 24; ECF No. 40-1]. The search warrant was executed October 6, 2020. [ECF No. 30 at 1].

## II.     LEGAL STANDARDS

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched." U.S. Const. amend. IV. "A warrant application must demonstrate probable cause to believe that (1) a crime has been committed – the 'commission' element, and (2) enumerated evidence of the offense will be found at the place searched – the so-called 'nexus' element." United States v. Dixon, 787 F. 3d 55, 59 (1st Cir. 2015) (quoting United States v. Feliz, 182 F. 3d 82, 86 (1st Cir. 1999)). Defendant argues that the United States has failed to satisfy the nexus requirement.

A magistrate must "make a judgement based on what appears within the four corners of the affidavit." United States v. Zayaz-Diaz, 95 F.3d 105, 113 (1st Cir. 1996). The requisite probable cause exists when "the affidavit upon which a warrant is founded demonstrates in some trustworthy fashion the likelihood that an offense has been committed and that there is sound reason to believe that a particular search will turn up evidence of it." United States v. Aguirre, 839 F.2d 854, 857–58 (1st Cir. 1988).  Both the magistrate issuing the warrant and a district court reviewing a magistrate judge's decision must determine whether "based on the totality of the circumstances indicated in a supporting affidavit, probable cause exists" to show that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Schaefer, 87 F.3d 562, 565 (1st Cir. 1996) (citations omitted); United States v. Francis, 132 F. 4th 101, 107 (1st Cir. 2025) (quoting United States v. Gifford, 727 F.3d 92, 98 (1st Cir. 2013)).

## III.     DISCUSSION

The Court finds that the affidavit supporting probable cause relied on personal knowledge from experienced agents and that this search was one of several within a broader investigation. [See DiTullio Aff. ¶¶ 2–5, 9, 13]. The Defendant was identified by both Individual 1 and Individual 2 as a co-conspirator which corroborated agents' surveillance activities. [Id. ¶¶ 10–11, 16–19]. The reliance on Individual 1 and Individual 2 as cooperators was reasonable and practicable given the other evidence obtained through the investigation, such as the specific observations made by agents of the drug sale with Ms. Savoie at Defendant's residence, [id. ¶¶ 21-3], the presence of a NexGen label on the steroids provided by Savoie which matched the thousands of labels found during the search of Individual 1 and 2, [id. at ¶ 23], and the postal records of shipments made to the target premises of comparable weight and size, all inbound from McAllen, Texas, similar to packages found during the search of the residences of Individuals 1 and 2, [id. ¶¶ 13, 24].

The Court further finds that Judge Hennessy was provided with sufficient information to make a practical, common-sense decision that evidence of the offense would be found at the place to be searched, satisfying the 'nexus' element. See United States v. Francis, 132 F. 4th 101, 107 (1st Cir. 2025). Therefore, the determination of probable cause was reasonable given the totality of the circumstances.

## IV. CONCLUSION

For the reasons stated above, the Motion to Suppress, [ECF No. 39], is **DENIED.**

**SO ORDERED.**

Dated: June 23, 2025

                                             /s/ Margaret R. Guzman
                                            Margaret R. Guzman
                                            United States District Judge